**DUANE MORRIS LLP**
By: Richard L. Renck
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: +1 302 657 4900
Fax: +1 302 657 4901
Attorneys for Defendant
*Prinston Pharmaceutical Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PRINSTON PHARMACEUTICAL INC.,<br><br>Defendant. | C.A. No. 1:17-cv-00426-LPS |

# ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF PRINSTON PHARMACEUTICAL INC.

Defendant Prinston Pharmaceutical Inc. ("Prinston") answers the Complaint (D.I. 1) of Plaintiffs Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. ("Pfizer") (collectively with BMS, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Prinston denies all allegations in Plaintiffs' Complaint, except those expressly admitted below.

## ALLEGATIONS REGARDING NATURE OF THE ACTION

1. This Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Prinston admits that Plaintiffs' Complaint is for alleged infringement of claims of U.S. Patent No. 9,326,945 ("the '945 patent"), but Prinston denies infringement and denies that Plaintiffs are entitled to any relief. Prinston also admits that it filed Abbreviated New Drug Application ("ANDA") No. 210133 with the U.S. Food and Drug Administration ("FDA"). Prinston denies the remaining allegations of Paragraph 1.

2. Prinston admits that it filed ANDA No. 210133 with the FDA seeking approval to market generic apixaban tablets, 2.5 mg and 5.0 mg, pursuant to 21 U.S.C. § 355(j). Prinston admits that the reference listed drug identified in ANDA No. 210133 is Eliquis®. Prinston denies the remaining allegations of Paragraph 2.

## ALLEGATIONS REGARDING PARTIES

3. On information and belief, Prinston admits that BMS is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

4. On information and belief, Prinston admits that Pfizer is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 235 East 42nd Street, New York, New York 10017.

5. On information and belief, Prinston admits that Plaintiffs market and sell pharmaceutical products. On information and belief, Prinston admits that Plaintiffs market and sell apixaban tablets under the trade name Eliquis® throughout the United States, including this district. Prinston is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 5 and, therefore, denies them on this basis.

6. Prinston admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

7. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Prinston admits that Plaintiffs' Complaint purports to state a claim for alleged patent infringement, but Prinston denies infringement and denies that Plaintiffs are entitled to any relief. Prinston does not contest subject matter jurisdiction solely as to Plaintiffs' asserted claim under 35 U.S.C. § 271(e)(2)(A). Prinston denies that subject matter jurisdiction is

proper for any claims purportedly asserted under 35 U.S.C. §§ 271(a), (b) and/or (c). Prinston denies the remaining allegations of Paragraph 7.

8. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Prinston does not contest personal jurisdiction or venue in this Court for purpose of this action only. Prinston denies the remaining allegations of Paragraph 8.

## ALLEGATIONS REGARDING PATENT-IN-SUIT

9. This Paragraph contains conclusions of law for which no response is required. To the extent a response is required, Prinston admits that the ’945 patent is entitled “Apixaban Formulations” and that the patent states on its face an issue date of May 3, 2016. Prinston denies that the ’945 patent was duly and legally issued. Prinston admits that Exhibit A purports to be a copy of the ’945 patent. Prinston denies that the claims of the ’945 patent are valid, enforceable, and not expired. Prinston admits that Plaintiffs are listed as assignees on the face of the ’945 patent. Prinston is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 9 and, therefore, denies them on this basis.

10. Prinston admits that the FDA’s website indicates that BMS is the holder of New Drug Application (“NDA”) No. 202155 for 2.5 mg and 5.0 mg strength apixaban tablets. On information and belief, Prinston admits that

Plaintiffs market and sell apixaban tablets under the trade name Eliquis® in the United States. Prinston admits that, according to the FDA publication entitled "*Approved Drug Products with Therapeutic Equivalence Evaluations*" (known as "the Orange Book"), the '945 patent is listed in connection with Eliquis®. Prinston admits that the product labeling for Eliquis® available on the FDA's website states that Eliquis® is a factor Xa inhibitor. Prinston also admits that the product labeling for Eliquis® available on the FDA's website states that Eliquis® is indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the prophylaxis of deep vein thrombosis (DVT), which may lead to pulmonary embolism (PE), in patients who have undergone hip or knee replacement surgery; and for the treatment of DVT and PE, and for the reduction in the risk of recurrent DVT and PE following initial therapy. Prinston admits that Exhibit B purports to be a copy of the Eliquis® prescribing information. Prinston is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 10 and, therefore, denies them on this basis.

## ALLEGATIONS REGARDING INFRINGEMENT BY PRINSTON

11. Prinston admits that by letter dated April 5, 2017 (the "Notice Letter"), Prinston notified Plaintiffs that it had submitted ANDA No. 210133 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act. Prinston

is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 11 and, therefore, denies them on this basis.

12. Prinston admits that its Notice Letter stated that it submitted ANDA No. 210133 to the FDA seeking FDA approval to commercially manufacture, use, and sell the product that is the subject of ANDA No. 210133. Prinston further admits that the product that is the subject of ANDA No. 210133 may be marketed and sold if the FDA grants final approval. Except as expressly admitted above, Prinston denies the remaining allegations in Paragraph 12.

13. This Paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Prinston admits that it filed ANDA No. 210133 with the FDA seeking approval to market generic apixaban tablets, 2.5 mg and 5.0 mg. Prinston admits that the reference listed drug identified in ANDA No. 210133 is Eliquis®.

14. Prinston admits that ANDA No. 210133 includes the FDA-required labeling for the product that is the subject of the ANDA. That labeling speaks for itself. To the extent further allegations in paragraph 14 are not addressed by the foregoing, Prinston denies them.

15. This Paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Prinston admits that ANDA No. 210133 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV)

("Paragraph IV Certification") to the '945 patent. Prinston denies the remaining allegations of Paragraph 15.

16. This Paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Prinston admits that its Notice Letter enclosed an Offer of Confidential Access to portions of ANDA No. 210133 in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III). Prinston denies the remaining allegations of Paragraph 16.

17. On information and belief, Prinston admits that Plaintiffs filed the above-captioned action within forty-five days of receiving Prinston's Notice Letter.

## COUNT I
## (ALLEGED INFRINGEMENT OF THE '945 PATENT)

18. Prinston repeats and incorporates by reference each of the foregoing Paragraphs of its Answer as if fully set forth herein.

19. Prinston denies the allegations of Paragraph 19.

20. Prinston denies the allegations of Paragraph 20.

21. Prinston denies the allegations of Paragraph 21.

22. Prinston denies the allegations of Paragraph 22.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint recites prayers for relief for which no response is required. To the extent a response is required, Prinston denies that Plaintiffs are entitled to any relief or remedy.

## AFFIRMATIVE DEFENSES

Prinston asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Prinston does not assume the burden of proof on any such defenses, except as required by the applicable law with respect to the particular defense asserted. Prinston reserves the right to assert other defenses and/or to otherwise supplement or amend its Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE
### (Invalidity)

The claims of the '945 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND DEFENSE
### (No Direct Infringement ANDA No. 210133)

Neither the filing of ANDA No. 210133 nor the manufacture, use, sale, or offer for sale of the product described in ANDA No. 210133 has infringed or does

infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’945 patent, and if the product that is the subject of ANDA No. 210133 is marketed, Prinston would not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’945 patent.

**THIRD DEFENSE**
**(No Indirect Infringement ANDA No. 210133)**

Prinston has not induced or contributed to, and does not and will not induce or contribute to, the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of ’945 patent, and if the product that is the subject of ANDA No. 210133 is marketed, Prinston would not induce or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the ’945 patent.

**FOURTH DEFENSE**
**(No Exceptional Case)**

Prinston’s actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**FIFTH DEFENSE**
**(No Costs)**

Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**SIXTH DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' complaint fails to state a claim upon which relief can be granted under 35 U.S.C. § 271(a), (b) or (c).

**SEVENTH DEFENSE**
**(Lack of Subject Matter Jurisdiction)**

Plaintiffs' complaint does not establish subject matter jurisdiction for any claims purportedly asserted under 35 U.S.C. §§ 271(a), (b) and/or (c).

**EIGHTH DEFENSE**

Prinston reserves all defenses, at law or equity, that may now exist or in the future be available on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Prinston Pharmaceutical Inc. ("Prinston"), for its Counterclaims against Bristol-Myers Squibb ("BMS") and Pfizer Inc. ("Pfizer") (collectively with BMS, "Plaintiffs"), alleges as follows:

1. Prinston repeats and incorporates by reference each of the foregoing paragraphs of its Answer and Affirmative Defenses to the Complaint.

2. This is a counterclaim for declaratory judgment of non-infringement, unenforceability, and/or invalidity of one or more claims of United States Patent No. 9,326,945 ("the '945 patent") under 35 U.S.C. § 271(e)(5), 29 U.S.C. §§ 2201

and 2202, 12 U.S.C. § 355(j), and 21 U.S.C. § 355(j)(5)(c). A true and correct copy of the ’945 patent is attached hereto as Exhibit A.

3. On information and belief, on May 3, 2016, the Patent and Trademark Office (“PTO”) issued the ’945 patent entitled, “Apixaban Formulations.” The ’945 patent lists, on its face, Jatin Patel, Charles Frost, Jingpin Jia, and Chandra Vemavarapu as inventors of the patent. On information and belief, BMS and Pfizer are the assignees of the ’945 patent. According to the FDA publication entitled “*Approved Drug Products with Therapeutic Equivalence Evaluations*” (known as “the Orange Book”), the ’945 patent will expire on February 24, 2031.

4. On information and belief, BMS and Pfizer market apixaban tablets, 2.5 mg and 5.0 mg, under the trade name Eliquis®.

5. On information and belief, BMS and Pfizer market Eliquis® throughout the United States, including this district.

**THE PARTIES**

6. Prinston is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

7. On information and belief, BMS is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

8. On information and belief, Pfizer is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 235 East 42nd Street, New York, New York 10017.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 35 U.S.C. § 271(e)(5); 28 U.S.C. §§ 1331, 1337(a), 1338, 2201, 2202; and/or 21 U.S.C. § 355(j) based on an actual controversy between Prinston and Plaintiffs arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

10. This Court has personal jurisdiction over Plaintiffs based, *inter alia*, on the filing by Plaintiffs of this lawsuit in this jurisdiction.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) and 21 U.S.C. § 355(j)(5)(c)(i)(II).

## THE APPLICATIONS AT ISSUE

### New Drug Application No. 202155

12. On information and belief, BMS is the current holder of New Drug Application ("NDA") No. 202155 for apixaban tablets, 2.5 mg and 5.0 mg, which BMS and Pfizer market under the trade name Eliquis® in the United States. Eliquis® is indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the prophylaxis of deep vein thrombosis (DVT), which may lead to pulmonary embolism (PE), in patients who have

undergone hip or knee replacement surgery; and for the treatment of DVT and PE, and for the reduction in the risk of recurrent DVT and PE following initial therapy.

13. On information and belief, the U.S. Food and Drug Administration ("FDA") approved NDA No. 202155 on December 28, 2012, which permitted Plaintiffs to market its apixaban tablets.

14. The Federal Food, Drug, and Cosmetic Act ("the Act") authorized a pharmaceutical company to file an Abbreviated New Drug Application ("ANDA"), which the FDA will approve if the pharmaceutical company shows that its product has the same active ingredient as, and is bioequivalent to, a product that the FDA has already approved. Typically, the ANDA applicant submits data showing that its product is bioequivalent to a product that has been the subject of an approved NDA.

15. The Act requires NDA holders to submit to the FDA the patent number and expiration date of any patent(s) for which the NDA holder believes "a claim of patent infringement could reasonably be asserted if a person not licensed by the [NDA] owner engaged in the manufacture, use or sale of the drug." 21 U.S.C. § 355(b)(1). The FDA—with no substantive review of the patents—lists the patent number(s) and expiration date(s) in the Orange Book.

16. If an ANDA applicant seeks approval to market its generic product before a patent listed in the Orange Book expires, the applicant must include in its

ANDA a certification that its proposed product would not infringe that patent, and/or that the patent is invalid and/or unenforceable ("Paragraph IV Certification"). The ANDA applicant must then send a notice letter to the NDA holder and patent owner(s), which includes a detailed statement of the factual and legal bases of the applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

17. Upon information and belief, BMS, as the NDA holder for Eliquis® (NDA No. 202155), filed a request with the FDA pursuant to 21 U.S.C. § 355(b)(1) to list the '945 patent in the Orange Book for Eliquis®, 2.5 mg and 5.0 mg.

18. The maintenance of this patent by BMS in the Orange Book means that BMS believes the patent "claims the drug for which the application was submitted [*i.e.* Eliquis®, 2.5 mg and 5.0 mg] . . . and with respect to which a claim for patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." *See* 21 U.S.C. § 355(b)(1).

**ANDA No. 210133**

19. Prinston has filed ANDA No. 210133 with the FDA seeking approval to market generic apixaban tablets, 2.5 mg and 5.0 mg ("the ANDA Products"). As part of that application, Prinston certified that the product described in ANDA

No. 210133 does not infringe the ’945 patent and/or that the ’945 patent is invalid and/or unenforceable.

20. Prinston provided notice of its certification to Plaintiffs on or about April 5, 2017. The notice provided the factual and legal bases as to why the ’945 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Products before the expiration of the ’945 patent. Prinston also enclosed an Offer of Confidential Access to its ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III).

21. On April 15, 2017, Plaintiffs sued Prinston, alleging infringement of the ’945 patent in the above-captioned action in the District of Delaware. By suing on the ’945 patent within 45 days after receiving Prinston’s notice, Plaintiffs invoked statutory provisions that prevent the FDA from approving Prinston’s ANDA for up to 30 months under certain conditions. 21 U.S.C. § 355(j)(5)(B)(iii).

22. Plaintiffs’ conduct impairs Prinston’s ability to market its ANDA Products. Prinston thus seeks a declaratory judgment that its ANDA Products do not infringe on the ’945 patent and/or that the ’945 patent is invalid and/or unenforceable.

## EXISTENCE OF A CASE OF ACTUAL CONTROVERSY

23. By maintaining the Orange Book listing of the ’945 patent in connection with Eliquis®, 2.5 mg and 5.0 mg, BMS continues to represent that the

’945 patent could reasonably be asserted against anyone making, using, or selling generic apixaban tablets, 2.5 mg and 5.0 mg, without a license from Plaintiffs.

24. Prinston’s Paragraph IV Certification states that the ’945 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of the ANDA Products.

25. Plaintiffs’ Complaint gives rise to an actual controversy with respect to the ’945 patent.

26. Prinston has made, and will continue to make, substantial preparations in connection with its request for FDA approval of its ANDA Products.

27. To avoid legal uncertainty and to protect Prinston’s substantial investment (and anticipated future investment) in its ANDA Products, Prinston seeks declaratory relief with respect to the ’945 patent.

28. Prinston has not stipulated to or otherwise consented to the validity, infringement, or enforceability of the ’945 patent.

29. Upon FDA approval of Prinston’s ANDA, Prinston will be able to market and sell its ANDA Products in the United States.

30. A judgment declaring that the ’945 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of Prinston’s ANDA Products will remove any independent barriers to competition

that may exist by virtue of BMS's maintenance of the '945 patent in the Orange Book in connection with NDA No. 202155.

31. The totality of the circumstances support that a justiciable case or controversy exists with respect to the non-infringement, invalidity, and/or unenforceability of the '945 patent.

**FIRST COUNT**
**(DECLARATORY JUDGMENT OF INVALIDITY)**

32. Prinston repeats and incorporates by reference each of the foregoing Paragraphs of its Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

33. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Plaintiffs and Prinston concerning infringement of the '945 patent.

34. The claims of the '945 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120, and/or based on other judicially-created bases for invalidation.

35. Thus, Prinston is entitled to a declaration that the claims of the '945 patent are invalid.

**<u>SECOND COUNT</u>**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

36. Prinston repeats and incorporates by reference each of the foregoing Paragraphs of its Answer and Affirmative Defenses to the Complaint and of these Counterclaims.

37. This Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Plaintiffs and Prinston concerning infringement of the '945 patent.

38. Prinston's manufacture, use, offer for sale, sale, and/or importation into the United States of its ANDA Products pursuant to ANDA No. 210133 will not directly or indirectly infringe, or induce or contribute to the infringement of, any valid claim of the '945 patent.

39. Thus, Prinston is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of Prinston's ANDA Products will not directly or indirectly infringe, or induce or contribute to the infringement of, any valid or enforceable claim of the '945 patent.

## EXCEPTIONAL CASE

40. This case is an exceptional one, and Prinston is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYERS FOR RELIEF

WHEREFORE, Prinston prays that the Court enter judgment in its favor and against Plaintiffs as follows:

a. Declaring that the making, using, selling, offering for sale, marketing, or importation of the ANDA products described in Prinston's ANDA No. 210133 does not directly or indirectly infringe, or induce or contribute to the infringement of, any valid and enforceable claim of the '945 patent;

b. Declaring that the '945 patent and all of its claims are invalid;

c. Enjoining BMS and Pfizer, and their agents, representative, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, from threatening or initiating infringement litigation against Prinston or its customers, dealers, or suppliers, or any prospective sellers, dealers, distributors, or customers of Prinston, or charging them either orally or in writing with infringement of the '945 patent asserted herein against Prinston or asserted in Prinston's Counterclaims;

d. Granting Prinston judgment in its favor on Plaintiffs' claims;

e. Denying Plaintiffs' request for injunctive relief;

f. Dismissing all of Plaintiffs' claims with prejudice;

g. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Prinston its costs and reasonable attorneys' fees; and

h. Awarding any other such relief as is just and proper

Dated: July 7, 2017

**DUANE MORRIS LLP**

*/s/ Richard L. Renck*

Richard L. Renck (3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: +1 302 657 4900
Fax: +1 302 657 4901

Attorneys for Defendant
*Prinston Pharmaceutical Inc.*

*Of Counsel:*

Anthony J. Fitzpatrick
Vincent L. Capuano
Carolyn A. Alenci
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4200
AJFitzpatrick@duanemorris.com
VCapuano@duanemorris.com
CAAlenci@duanemorris.com