**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>PRINSTON PHARMACEUTICAL INC.,<br><br>Defendant and Counterclaim-Plaintiff. | C.A. No. 17-426-LPS |

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. ("Pfizer," together with BMS, "Plaintiffs"), hereby reply to the Counterclaims of Defendant and Counterclaim-Plaintiff Prinston Pharmaceutical Inc. ("Prinston"), D.I. 14, as follows. Plaintiffs deny any allegation contained in Prinston's Answer and Counterclaims not expressly admitted in this Reply.

**COUNTERCLAIMS[1]**

1. This Paragraph contains statements to which no answer is required. To the extent an answer is required, denied.

2. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that Prinston purports to bring a counterclaim for declaratory judgment of non-infringement, unenforceability, and/or invalidity of one or more

[1] Plaintiffs have incorporated the headings that appear in Prinston's Counterclaims. Plaintiffs do not necessarily agree with the characterization of such headings and do not waive any right to object to those characterizations.

claims of United States Patent No. 9,326,945 ("the '945 patent") under 29 U.S.C. §§ 2201 and 2202. Plaintiffs admit that Prinston attached a document that appears to be a copy of the '945 patent to the Counterclaims as Exhibit A. Otherwise, denied.

3. Admitted.

4. Admitted.

5. Admitted.

## THE PARTIES

6. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

7. Plaintiffs admit that BMS is a corporation organized and existing under the laws of the State of Delaware, having a place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540. Otherwise, denied.

8. Admitted.

## JURISDICTION AND VENUE

9. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not contest that the Court has jurisdiction over the subject matter of the Counterclaims. In addition, Plaintiffs admit that there is currently an actual controversy between Prinston and Plaintiffs regarding the '945 patent.

10. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not contest personal jurisdiction in this Court for purposes of the Counterclaims.

11. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not contest that venue with respect to the Counterclaims is proper in this judicial district.

**THE APPLICATIONS AT ISSUE**

**New Drug Application No. 202155**

12. Admitted.

13. Admitted.

14. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs state that the Federal Food, Drug, and Cosmetic Act speaks for itself as to its scope and content. Otherwise, denied.

15. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs state that the 21 U.S.C. § 355(b)(1) speaks for itself as to its scope and content. Otherwise, denied.

16. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs state that the Federal Food, Drug, and Cosmetic Act speaks for itself as to its scope and content. Otherwise, denied.

17. Admitted.

18. This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs state that the 21 U.S.C. § 355(b)(1) speaks for itself as to its scope and content.

**ANDA No. 210133**

19. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph. Plaintiffs state, however, that Prinston sent Plaintiffs a letter dated April 5, 2017 (the "Eliquis Notice Letter"), notifying Plaintiffs that Prinston had submitted ANDA No. 210133 to the FDA seeking approval to market generic apixaban tablets, 2.5 mg and 5.0 mg (the "Prinston ANDA product") and that ANDA No. 210133 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '945 patent is invalid,

unenforceable, and/or will not be infringed by the commercial manufacture, use, importation, offer for sale, or sale of the Prinston ANDA product.

20. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph. Plaintiffs state, however, that they received the Eliquis Notice Letter no earlier than April 7, 2017, and that it contained a section that purported to provide factual and legal basis for why the ’945 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, importation, offer for sale, or sale of the Prinston ANDA Products before the expiration of the ’945 patent. Plaintiffs further state that the Eliquis Notice letter contained an exhibit called “OFFER OF CONFIDENTIAL ACCESS AND CONFIDENTIALITY AGREEMENT.” Plaintiffs deny that Prinston’s purported Offer of Confidential Access complied with 21 U.S.C. § 355(j)(5)(C)(i)(III).

21. Plaintiffs admit that they sued Prinston on April 13, 2017, alleging infringement of the ’945 patent in the above-captioned action in the District of Delaware. Plaintiffs further admit that they filed the complaint before the expiration of forty-five days from the date Plaintiffs received the Eliquis Notice Letter. Plaintiffs further state that 21 U.S.C. § 355(j)(5)(B)(iii) speaks for itself as to its scope and content. Otherwise, denied.

22. Plaintiffs admit that Prinston purports to seek a declaratory judgment that its ANDA Products do not infringe the ’945 patent and/or that the ’945 patent is invalid and/or unenforceable. Otherwise, denied.

**EXISTENCE OF A CASE OF ACTUAL CONTROVERSY**

23. Plaintiffs state that the consequence of Orange Book listing is a legal conclusion to which no answer is required. Otherwise, denied.

24. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph. Plaintiffs state, however, that the Eliquis Notice Letter stated that ANDA No. 210133 contained a Paragraph IV Certification that the ’945 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, importation, offer for sale, or sale of the Prinston ANDA Products before the expiration of the ’945 patent.

25. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that there is currently an actual controversy between the parties with respect to the ’945 patent.

26. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations in this Paragraph.

27. Plaintiffs admit that Prinston purports to seek declaratory relief with respect to the ’945 patent. As to the remaining allegations in this Paragraph, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny those allegations.

28. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations in this Paragraph.

29. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations in this Paragraph.

30. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the allegations in this Paragraph.

31. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that there is currently a justiciable controversy between the parties with respect to the ’945 patent.

**FIRST COUNT**

**(DECLARATORY JUDGMENT OF INVALIDITY)**

32. Plaintiffs hereby incorporate the answers set forth in response to Paragraphs 1 through 31.

33. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that Prinston purports to bring the Counterclaims pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs further admit that there is currently a justiciable controversy between the parties regarding the ’945 patent.

34. Denied.

35. Denied.

**SECOND COUNT**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

36. Plaintiffs hereby incorporate the answers set forth in response to Paragraphs 1 through 35.

37. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that Prinston purports to bring the Counterclaims pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs further admit that there is currently a justiciable controversy between the parties regarding the ’945 patent.

38. Denied.

39. Denied.

## EXCEPTIONAL CASE

40. Denied.

## PRAYER FOR RELIEF

Plaintiffs deny that Prinston is entitled to any of the relief sought in its Counterclaims or to any relief whatsoever.

Dated: July 26, 2017

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Amy K. Wigmore (admitted *pro hac vice*)
Gregory H. Lantier (admitted *pro hac vice*)
Tracey C. Allen (admitted *pro hac vice*)
Heather M. Petruzzi (admitted *pro hac vice*)
Jeffrey T. Hantson (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
202-663-6000
202-663-6363

Andrew J. Danford (admitted *pro hac vice*)
Timothy A. Cook (admitted *pro hac vice*)
Kevin M. Yurkerwich (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6000

617-526-5000

*Counsel for Plaintiffs Bristol-Myers Squibb Company and Pfizer Inc.*